Dalvir SINGH, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–71347.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Submitted June 16, 2009.*

Filed July 6, 2009.

Jonathan Myles Kaufman, Esquire, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kohsei Ugumori, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Dalvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because the motion was filed almost two and a half years after the BIA's September 9, 2004, order. *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly determined that Singh was not entitled to equitable tolling because he did not demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim. *See Iturribarria*, 321 F.3d at

897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

